# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 4:20-CR-0094-DGK-1 |
| XZAVIER D. RODGERS, ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Now before the Court is Defendant's motion to reduce his sentence pursuant to Amendment 821 of the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). ECF No. 77. The Government opposes the motion, arguing Defendant is ineligible for a reduction under § 3582(c)(2). ECF No. 81.

The relevant history to this motion is as follows. In exchange for a prison sentence of 71 months, Defendant pled guilty by agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Court accepted this binding plea agreement.

At sentencing, this Court calculated a total offense level of 35, a criminal history score of 5 and category of III, and an advisory Guidelines range of 210 to 262 months which was lowered to 120 months by the operation of U.S.S.G. § 5G1.1(a). Defendant's criminal history score included two points under U.S.S.G. § 4A1.1(d) because he committed the instant offense while under a criminal justice sentence. Because the Court accepted the plea under Rule 11(c)(1)(C), the Court was obliged to vary downward and impose a sentence of 71 months' imprisonment.

As the Government notes, Defendant is not eligible for relief under Amendment 821 for three reasons. First, he is not eligible for relief under the zero-point provision because he received criminal history points at sentencing, and therefore that provision does not apply to him. *See* U.S.S.G. §§ 1B1.10(a)(2)(A), 4C1.1(a)(1). Second, while application of the status-point provision would reduce Defendant's criminal history score from 5 to 3, his criminal history category from III to II, and his preliminary guidelines range from 210–262 to 188–235, his ultimate guidelines range was still capped at the statutory maximum of 120 months. U.S.S.G. § 5G1.1(a). Under these circumstances, Defendant's sentence was "based on" the statutory maximum of 120 months and not on any guidelines range that has been subsequently lowered. *See Koons v. United States*, 584 U.S. 700, 705 (2018); *see also* U.S.S.G. § 1B1.10 cmt. n.1(a) (stating that defendant is ineligible where "the amendment does not have the effect of lowering the defendant's applicable range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"). Third, Defendant's 71-month sentence already lies below what would be the amended range and this Court lacks authority to reduce it still further. Defendant is therefore ineligible for a sentence reduction.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: April 17, 2024

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT